NO. 07-01-0275-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 19, 2002

_____

PRIMROSE OPERATING COMPANY AND PALMER
OILFIELD CONSTRUCTION COMPANY, APPELLANTS

V.

WALTER JAMES JONES, III AND JONA JONES, INDIVIDUALLY
AND AS NEXT FRIENDS FOR ALLISHA JONES AND TY JAMES
JONES, THEIR MINOR CHILDREN, AND OLD REPUBLIC, APPELLEES

_____

FROM THE 50TH DISTRICT COURT OF KING COUNTY;

NO. 99-589; HONORABLE DAVID W. HAJEK, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Primrose Operating Company (Primrose) and Palmer Oil Field Construction

Company (Palmer) have challenged a judgment in favor of Walter James Jones III and

Jona Jones, individually and as next friends for Allisha Jones and Ty James Jones (hereinafter collectively referred to as the Joneses) for injury to Walter James Jones III during his employment. Old Republic Insurance Company (Old Republic) also recovered a subrogation claim against Primrose.

We currently have several pending motions before us in this matter. The first is a motion to dismiss on behalf of Old Republic which asserts it has settled all issues related to its subrogation claim and thus no longer has an interest in the outcome. The motion contains a certificate of conference with counsel for the Joneses, Palmer and Primrose which states that the motion is unopposed. Nevertheless, a civil appeal may be voluntarily dismissed only in accordance with a settlement agreement signed by all parties or their attorneys filed with the clerk or in accordance with a motion of appellant to dismiss the appeal. Tex. R. App. P. 42.1(a)(1) and (2). No such motion to dismiss has been filed by appellant. Therefore, Old Republic's motion to dismiss is overruled at this time. The parties should comply with the Rules of Appellate Procedure in seeking dismissal of all or any portion of the appeal.

The next matter before us is the lack of a reporter's record. The record was originally due to be filed on August 10, 2001. The clerk's record was filed on August 27, 2001, after an extension of time was granted. On that same day, we notified the court reporter that if the reporter's record could not be filed by September 10, 2001, that she should complete the court reporter's request form for an extension of time. On September 13, 2001, we received that form in which the court reporter requested an extension of time

2

to October 6, 2001, due to the fact she had been in the hospital periodically for four weeks and had been unable to work. That request was granted. By November 13, 2001, the record had still not been filed, and we received a request for extension of time to December 13, 2001, due to a recent death in the reporter's family. That request for extension was also granted. However, the reporter's record was still not received and we sent a letter to the court reporter dated January 9, 2002, requesting that she again seek an extension of time within ten days. We received no response and sent the reporter another letter dated January 29, 2002, ordering her to file the record or a request for extension of time within ten days. We received a response to the letter in which the reporter stated she anticipated the record would be forwarded to the court on February 13, 2002. However, on that date, we received yet another letter from the reporter requesting an extension of time due to her computer being repaired. We also have before us a motion from Palmer seeking to compel completion of the record and requesting that we either hold the reporter in contempt of court and confine her until she can produce the record or grant it a new trial.

The trial court and an appellate court are jointly responsible for ensuring that an appellate record is filed. Tex. R. App. P. 35.3(c). Among other duties, the trial court must "help ensure that the reporter's work is timely accomplished by setting work priorities," and may appoint a deputy reporter when the official court reporter is unable to perform the duties. Tex. R. App. P. 13.3 and 13.5. We overrule Palmer's motion to compel completion of the record at this time. However, we abate this appeal and remand the cause to the 50th District Court of King County for further proceedings.

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine:

(1) whether Mary Ann Gaither is unable to prepare and file the reporter's record within 30 days from the date of hearing; or

(2) whether circumstances require the trial court to direct the present court reporter to prepare the record from the notes and materials of Mary Ann Gaither; or

(3) whether the trial court should appoint a deputy reporter to prepare and file the reporter's record within 30 days from the date of hearing; and

(4) finally, the trial court shall make such orders as in its discretion are appropriate to facilitate the prompt filing of a reporter's record no later than 30 days from the date of the abatement hearing.

The trial court shall cause the hearing to be transcribed and shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the clerk of the court by March 21, 2002.

Per Curiam

Do not publish.

4